# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

JONATHAN SLAIKEU,

      Plaintiff,      Case No. 3:23-cv-00275-JMK

    v.

SERGEANT WITHROW, *et al.,*

      Defendants.

## ORDER DIRECTING SERVICE & RESPONSE

On December 5, 2023, self-represented prisoner Jonathan Slaikeu ("Plaintiff") filed a civil complaint ("Complaint"), civil cover sheet, an application to waive prepayment of the filing fee, and a financial affidavit.[1] On December 18, 2024, Plaintiff filed another application to waive prepayment of the filing fee and a motion for court-appointed counsel.[2] The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915, 1915A. Liberally construed,[3] the Complaint states a plausible claim under the Eighth Amendment, which may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1343.

---

[1] Dockets 1–3.

[2] Dockets 6–7.

[3] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

## **Motion to Appoint Counsel**

A litigant has no right to an appointed attorney in a federal civil action.[4]  Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel."  However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[5]  Further, although Section 1915(e)(1) permits a court to request an attorney represent any person unable to afford counsel, the Court cannot force an attorney to accept a case. The Court can only appoint an attorney who volunteers to represent a litigant.

The Court finds that on the current record, Plaintiff has not demonstrated a likelihood of success on the merits.  Further, it appears that Plaintiff might be able to adequately articulate his claims, even if those claims are not viable causes of action under Section 1983. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.  If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 7 is DENIED without prejudice.

---

[4] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[5] *Palmer v. Valdez,* 560 F.3d 965, 970 (2009) ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

**IT IS THEREFORE ORDERED:**

1.  The Complaint has been screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, the Complaint contains sufficient facts that, accepted as true, state a plausible claim for relief under the Eighth Amendment.

2.  Plaintiff's motion for court-appointed counsel at **Docket 7 is DENIED without prejudice.**

3.  Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

4.  Plaintiff's applications to waive prepayment of the filing fee at **Dockets 3 and 6 are GRANTED.**

5.  While federal law allows litigants to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the outcome of the action.[6] The Court will issue a separate order on the collection of the filing fee.

6.  If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to

---

[6] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

Case No. 3:23-cv-00275-JMK, *Slaikeu v. Withrow, et al.*
Order Directing Service and Response
Page 3 of 6
Case 3:23-cv-00275-JMK   Document 8   Filed 07/03/24   Page 3 of 6

Waive the Filing Fee (Form PS11).[7] Failure to comply may result in dismissal of this action.

7. The Court's finding that Plaintiff may proceed without *prepaying* the filing fee entitles him to service of process by the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d). However, service by the Marshals is unnecessary in this case because the Attorney General has indicated that the State of Alaska's Department of Law will accept service on behalf of Defendants. *See* District of Alaska Miscellaneous General Order No. 769.

8. The Clerk of Court shall immediately send a copy of this order, the Complaint at Docket 1, and the civil cover sheet at Docket 2 to:

Attorney Mark Cucci
Chief Assistant Attorney General
State of Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK 99501-1994

9. Defendants shall have **sixty (60) days** after the entry of appearances to file an Answer or otherwise respond.[8]

10. After service of the Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff

---

[7] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[8] *See* Fed. R. Civ. P. 4(d)(3).

Case No. 3:23-cv-00275-JMK, *Slaikeu v. Withrow, et al.*
Order Directing Service and Response
Page 4 of 6

and name of the Defendants, and the title of the document, as illustrated on the first page of this order.[9]

11.    Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[10] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

12.    At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[11]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

13.    All litigants are responsible for keeping copies of everything filed with the Court.  As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document

---

[9] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[10] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska District Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[11] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

14. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. There is no charge for viewing case information or documents at courthouse public access terminals. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

15. The Clerk of Court is directed to send motion form PS12 to Plaintiff with this order.

DATED this 3rd day of July, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE